

RECEIVED
9/23/2021
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

JMK

UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois
Eastern Division

| | | |
|---|---|---|
| Gwenesther Manning<br>Plaintiff, | )<br>)<br>) | 21 CV 1440 |
| v. | )<br>) | Judge Guzman |
| Louis DeJoy, Postmaster General<br>U.S. Postal Service<br>Defendant. | )<br>)<br>)<br>) | Magistrate Judge Jantz |

## SECOND AMENDED COMPLAINT

Comes now, Gwenesther Manning, Plaintiff in the above captioned cause and files this Second Amended Complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. Defendant's counsel advised Plaintiff via email received 09/21/2021, Defendant has no objections to the filing of this Second Amended Complaint. Plaintiff state the following against Defendant LOUIS DEJOY, in his official capacity as Postmaster General of the United States Postal Service:

### A. PARTIES

1. Plaintiff Gwenesther Manning is a resident of the State of Illinois, County of Cook, and citizen of the United States.

2. Plaintiff Manning was employed with the US Postal Service as a City Carrier effective 8/28/1998 through 11/27/2015.

3. Plaintiff was re-assigned into the position of Sales Service Distribution Clerk (SSDA) assigned to Irving Park Station effective 11/28/2015.

4. Plaintiff bid to Twenty Second Street Station while still in the position of SSDA with an effective date in or around 7/2017.

5. Plaintiff was stationed at Twenty Second Street Station when Plaintiff took early retirement with 05/30/2020 as the effective date of retirement.

6. Louis DeJoy, PMG is being sued in his official capacity as Postmaster General.

7. Tiffany R. Bates ("Mgr. Bates") was Plaintiff's manager and the official acting in the capacity of Defendant's Agent when the events giving rise to the instant complaint occurred.

## B. JURISDICTION AND VENUE

8. This action is brought pursuant to 29 U.S.C. § 791, *et seq.*, ("Rehabilitation Act OF 1973").

9. The Court has jurisdiction pursuant to Section 501 of the Rehabilitation Act which prohibits employers from discriminating against job applicants and employees based on disability, and require Agencies including the US Postal Service to engage in affirmative action for individuals with disabilities.

10. Section 505 of the Rehabilitation Act of 1973 contains provisions for remedies including attorney fees.

11. This Court's jurisdiction is further conferred pursuant to 28 U.S.C. § 1331.

12. The Court also has Venue, pursuant to 28 U.S.C. § 1391(b) because the events alleged in this Amended Complaint took place in the Court's District.

13. The second amended complaint relates back to the original complaint which was timely filed on 03/12/2021, within 90 days of receipt of the decision of the EEOC's Office of Federal Operations as required.

14. The instant complaint is based on disability employment discrimination in violation of the Rehabilitation Act of 1973 *et seq.*

15. Plaintiff has limited the issues of this instant complaint to issue no. 8, of OFO's Decision on Reconsideration, which state, on 03/30/2018 and 03/31/2018, CSM2 told Complainant that she

could not return to work until her request for light duty had been approved.[1]

## C. ADMINISTRATIVE PROCEEDING AND REQUIREMENTS

16.     Plaintiff filed an EEO complaint with the Agency which went formal on 02/24/2018 styled as Agency No. 4J-606-0034-18.

17.     A Final Agency Decision (FAD) was issued on 10/26/2018, and received 11/01/2018 for Agency No. 4J-606-0034-18.[2]

18.     Plaintiff appealed the FAD for Agency No. 4J-606-0034-18 to the Equal Employment Opportunity Commission (EEOC) which was accepted and assigned Docket No. 2019003038.

19.     EEOC's Office of Federal Operations (OFO) affirmed the Agency's Final with a finding of no discrimination on Appeal No. 2019003038 entered 03/06/2020 and received 03/10/2020.

20.     Plaintiff filed a request for reconsideration on EEOC's decision on Appeal No. 2019003038 to the Office Of Federal Operations (OFO) which was assigned Docket No. 020005139.

21.     OFO issued a Decision on Plaintiff's request for reconsideration Docket No. 2020005139 on 11/30/2020 with a finding of no discrimination; the Decision was received on 12/14/2020.

22.     Union Steward Glover, of the American Postal Workers Union (APWU) filed a grievance 2/12/2018 on Plaintiff's behalf which was still pending when Mgr. Bates put Plaintiff off the clock at Twenty Second Street Station on 03/30/2018. Step 2 Decision, <u>Grievance No. 1822 CL G823</u>, USPS No. J15C-4J-C 18420084, Issue- Violation of Article 13 - Settled 10/4/2019. Mgr. Bates advised union officials Plaintiff returned to work and was working six (6) hours per day.

23.     Glover filed another grievance on behalf of Plaintiff which was also pending. APWU Step 2

---

[1] The dates of March 30 and 31, 2018 are incorrect. The correct dates are March 29, and 30, 2018.

[2] The FAD consisting of 40 pages and OFO's Decision were filed with the court as separate documents on March 25, 2021. Copies were sent to Defendant's council.

Decision, Grievance No. 1822CLG376, USPS No. J15C-4J-C 18143723, for events which occurred when Plaintiff was stationed at Twenty Second Street Station; Filed 2/12/2018 - Settled 10/3/2019 - Mgr. Bates advised union officials that Plaintiff returned to work and Plaintiff was working six (6) hours per day.

24. Plaintiff's complaint of disability discrimination is further supported by APWU, Step 2 Decision, Grievance No. 1822CLG342 and USPS No. J15C-4J-C 18143688, for events which occurred when Plaintiff was stationed at Twenty Second Street Station; Issue: Violation of Article 13, Filed 02/12/2018 - Resolved 10/04/2019 - Mgr. Bates advised union officials that she was working with Plaintiff; Plaintiff has returned to work within her restrictions and that Plaintiff and was working six (6) hours per day.

## COUNT I

25. Violation of the Rehabilitation Act of 1973, et seq, when Mgr. Bates took Plaintiff off the clock indefinitely on 03/30/2018 because Plaintiff had restrictions.

## COUNT II

26. Reprisal disability discrimination, Plaintiff's has engaged in the EEO and EEOC process which are protected activities as well as the collective bargaining agreement's grievance process.

## D. BACKGROUND FACTS

27. Mgr. Bates, was assigned to Twenty Second Street Station 2035 S. State St., Chicago, IL 60616, effective 03/03/2018.

28. Mgr. Bates' employment related decisions and actions were undertaken in the official capacity of an agent for Defendant at all times.

29. On or around 03/05/2018, Plaintiff began working variable hours with a maximum of six hours per day under Mgr. Bates through 03/28/2018.

30. On 03/29/2018, Mgr. Bates, told Plaintiff that she could not let Plaintiff work because Plaintiff had not been approved for light duty.

31. Also on 03/29/2018, Plaintiff completed PS Form 3971, Request for or Notification of Absence requesting seven (7) hours of Leave Without Pay (LWOP) before leaving the building. Plaintiff's Form 3971 was approved by Mgr. Bates and is attached hereto as Exh. A-1.

32. On 03/30/2018, when Plaintiff arrived at work, Mgr. Bates instructed Plaintiff to meet Mgr. Bates in Bates' office.

33. On 03/30/2018, there was a brief conversation between Mgr. Bates, Cassandra Glover the union steward, Supvr Green and Plaintiff which took place inside Mgr. Bates' office.

34. At the conclusion of the meeting on 03/30/2018, Mgr. Bates instructed Plaintiff to leave the building and that Plaintiff was not to return to work until she had been approved for light duty.

35. On 03/30/2018, Plaintiff completed PS Form 3971, Request for or Notification of Absence, requesting seventy-nine and a half hours of LWOP before Plaintiff left the building. (Exh. A-2)

36. Mgr. Bates signed and approved Plaintiff's PS Forms 3971 before Plaintiff left the building on both 03/29/2018 and 03/30/2018.

37. Mgr. Bates has not denied putting Plaintiff off the clock, on 03/29/2018 and 03/30/2018, for having restrictions that were not work related.

38. Mgr. Bates has not denied telling Plaintiff that she could not return to work until Plaintiff has been approved for light duty.

39. Almost a year later, on 03/06/2019, the same Mgr. Bates sent Plaintiff a Five Day -Absence Notice & a notice for an Investigative Interview which was scheduled for 03/14/2019 at 10:00 a.m.. (Exhs. B-1& B2)

40. Plaintiff reached out to Mgr. Bates requesting to reschedule the Investigative Interview.

41. By notice dated 03/13/2019, Plaintiff was advised that the Investigative Interview was rescheduled for Friday 03/22/2019 at 12 noon. (Exh. B-3)

42. During the Investigative Interview conducted on 03/22/2019, Mgr. Bates asked Plaintiff for medical documentation to justify Plaintiff's extended absence.

43. Plaintiff responded that she would not submit medical documentation because Plaintiff was not absent from work due to medical reasons during the Investigative Interview on 03/22/2019.

44. During the Investigative Interview on 03/22/2019, Plaintiff articulated that she was absent because Mgr. Bates put Plaintiff off the clock.

45. On 03/27/2019, Mgr. Bates sent Plaintiff a second Five-Day Absence Notice. Exh. B-4

46. Also by notice dated 03/27/2019, Mgr. Bates scheduled Plaintiff for a second Investigative Interview which was set for Friday 04/05/2019 at 12:00 noon.[3] Exh. B5

47. The Five-Day Absence Notice dated 03/27/2019, cited ELM 513.362 which requires the submission of medical documentation or other acceptable evidence of incapacity to work....

48. Plaintiff attended a second Investigative Interview on 04/5/2019 without submitting medical documentation to justify Plaintiff's extended absence from work.

49. During the second Investigative Interview on 04/5/2019, for Plaintiff's extended leave from work, Plaintiff articulated that Plaintiff was not absent from work due to medical reasons.

50. At the conclusion of the 04/5/2019 Investigative Interview, Plaintiff was instructed to report for duty on or around 04/22/2019.

51. Plaintiff returned to duty on or around 04/22/2019 without being approved for Light Duty.

---

[3] Plaintiff acknowledges the date of the second Investigative Interview was 04/05/2019 not 03/27/2019 as cited in prior pleadings.

## E. PLAINTIFF'S HISTORICAL DECISIONS

52. Plaintiff's claim of discrimination is supported by Step B Decision, Grievance No. 101287 for events which occurred when Plaintiff was stationed at Roberto Clemente. Issue - Denial of light duty work - Violation of ELM 546 and Article 15; Decided July 11, 2013. Pre-Arbitration Settlement Award - Make whole for lost wages from 7/29/2010 through 1/24/2011.

53. Plaintiff's claim of discrimination is supported by Step B Decision Grievance No. 13809 for events which occurred when Plaintiff was stationed at Mt. Greenwood Station, Issue: Violation of Article 13, Denial of Light Duty; and Decided, 9/7/2016 with an award of back pay from 02/20/2013 - 5/4/2013.

54. Plaintiff's claim of discrimination is supported by Step B Decision Grievance No. 122516 for events which occurred when Plaintiff was stationed at Mt. Greenwood. Issue Violation of Article 13 & National Agreement & Section 865 of ELM Regarding Return to Duty. Decided 3/8/2013 Award back pay from 1/9/2012 -12/25/2012.

55. Plaintiff's claim of discrimination is supported by Step B Decision Grievance No. 2014-1691- for events which occurred when Plaintiff was stationed at Harwood Heights - Issue: Violation of Articles 2, 15, 13, 19 & 30 of the National Agreement - Denial of Light Duty. Decided 1/05/2015; Decision, Formal A Parties will meet within 7 days to determine the amount of hours the Grievant will be compensated… Management will "cease and desist" from future violations of the Chicago Performance Cluster - Temporary Light Duty Policy Procedures….

56. Plaintiff's claim of discrimination is supported by Step B Decision, NALC Grievance No. 2014 -1351 for events which occurred when Plaintiff was stationed at Harwood Heights- Issue: Violation of Article 13- Denial of light duty. Also decided 01/05/2015; Award of back pay. Union to meet within 7 days to determine amount of hours for back pay.

57. Plaintiff's claim of discrimination is supported by Step B Decision <u>NALC Grievance No. 2115 - 1048</u>, for events which occurred when Plaintiff was stationed at Ashburn Station, Issue - Violation of Article 13, Denial of light duty. Decided 12/10/2015, Award of back pay from 01/10/2015 -10/23/2015. Union to meet within 7 days to determine amount of hours for back pay.

58. Plaintiff's claim of discrimination is supported by Pre Arbitration Settlement Agreement Regional # J11N-4J-C-15129929, <u>NALC Grievance No. 2015-0647</u> for events which occurred when Plaintiff was stationed at Ashburn Station-Issue: Violation of Article 13- Denial of light duty. Decided 10/13/2016. Award of back pay from 1/10/2015 - 5/16/2015.

59. Plaintiff's complaint of disability discrimination is further supported by EEOC's Decision on Appeal No. 0120152270, entered 08/05/2016 where EEOC reversed the Agency's Decision of a finding of no discrimination. EEOC found reprisal discrimination. The Agency was ordered to pay Plaintiff back pay from 04/28/2014 through 01/09/2015 for events which occurred when Plaintiff was stationed at Harwood Heights and then Ashburn Station.

60. Plaintiff re-alleges paragraphs 16 - 24 above as though fully set forth herein.

F. POSTAL RULES AND REGULATIONS

61. There is no provision in the Employees Labor Manual (ELM) which expressly state that management is authorized and/or required to pull an employee out of service and that the employee can not return to work until the employee has been approved for Light Duty.

62. There is no provision in the Collective Bargaining Agreement which supports Mgr. Bates taking Plaintiff out of service until Plaintiff has/had been approved for Light Duty.

63. The events alleged herein were in violation of the Rehabilitation Act and the direct cause of Plaintiff's damages including but not limited to Plaintiff's loss of income and Plaintiff's decision to retire early.

**DEMAND FOR RELIEF:**

1. Plaintiff seeks to be made whole in every way for damages of lost income in the amount of $62,770 for one year plus benefits if the case is settled by 12/31/2021;

2. Plaintiff seeks damages the amount of $94,155 for one year plus 6 months of lost income for taking an early retirement if the case is settled by or before 05/01/2022;

3. Plaintiff request damages for one year of lost income plus a second year of income for Plaintiff seeking early retirement for a total of $135,540 if the case is settled after 05/02/2022;

4. If payment is made in lump sum, Plaintiff seeks prejudgment interest, post-judgment interest, and Court costs, and all expenses including reasonable attorney fees if applicable; and

5. The Court enter judgment in Plaintiff's favor and against Defendant and grant any other relief the Court deems just and equitable.

Respectfully Submitted by:

*[signature]*
Gwenesther Manning, *Pro Se*

**CERTIFICATE OF SERVICE**

I, Gwenesther Manning, certify that Plaintiff's Second Amended Complaint was mailed to Virginia Hancock, AUSA at 219 S. Dearborn, St., 5th Fl, Chicago, IL 60604 via First Class Mail on September 23, 2021.

Respectfully submitted:

*[signature]*
Gwenesther Manning, Pro Se
19214 Lange Street
Lansing, IL 60438
312-622-5783
Email: Keeppushing55@yahoo.com

**UNITED STATES POSTAL SERVICE** — Request for or Notification of Absence

| Field | Value |
|---|---|
| Employee's Name (Print last, first, MI.) | MANNING, GWENESTHER |
| Employee ID | 02690872 |
| Date Submitted (MM/DD/YYYY) | 3/29/2018 |
| No. of Hours Requested | 7 |
| Installation | TWENTY SECOND ST 60616 |
| Pay Loc. No. | 016 |
| From: Date | 3/29 |
| Thru: Date | 3/29 |

**Type of Absence:** ☒ LWOP (See reverse)

**Remarks:** MANAGEMENT REDUCED MY WORK HOURS TO 1 HOUR PER DAY THIS IS INVOLUNTARY. THIS ACTION IS ALLEGEDLY DUE TO MY [illegible]

Employee's Signature and Date: Gwenesther Manning 3/29/2018

**Official Action on Application:**
☒ Approved
☐ Disapproved (Give reason below)
Due to employee restrictions employee cannot work 8 hours

Signature of Supervisor and Date: J. Batto 3/29/18

MAR 29 12:08

PS Form 3971, October 2017 (Page 1 of 2) PSN 7530-02-000-9136

---

**Reason I was incapacitated for duty during this absence:**
☐ Sickness
☐ On-the-Job Injury
☐ Off-the-Job Injury
☐ Exposed to a Contagious Disease
☐ Pregnancy, Prenatal Care, or Childbirth
☐ Undergoing Medical, Dental, or Optical Examination or Treatment (Job-related)
☐ Undergoing Medical, Dental, or Optical Examination or Treatment (Not job-related)

**Reason I was/will be unavailable for duty during this absence:**
☐ Sick Leave for Dependent Care (See ELM)
☐ Birth of a Child/Bonding
☐ To Care for a Family Member (See ELM)
☐ Placement of a Child with Employee for Adoption or Foster Care
☐ A Military Family Member's Qualifying Exigency
☐ To Care for an Injured or Ill Military Family Member

**LWOP – Union Official (Required Certification)**
By signing this form, I certify that this request is not for the purpose of engaging in partisan political activity as defined by the Hatch Act and its implementing regulations.

**I am requesting Family and Medical Leave Act (FMLA) protection for this absence:**
☐ This request is associated with a new condition.
☐ My approved or pending approval case number for this condition is:

| Absence Codes | Time Card | FMLA Dep. Care | Time Clock |
|---|---|---|---|
| Annual | 55 | | 05500 |
| Annual – FMLA | 55 | 01 | 05599 |
| Sick | 56 | | 05600 |
| Sick – FMLA | 56 | 02 | 05699 |
| Sick – Dependent Care | 56 | 08 | 05697 |
| Sick – Dependent Care – FMLA | 56 | 07 | 05698 |
| Absent Without Leave | 24 | | 02400 |
| Act of Nature | 78 | | 07800 |
| Blood Donor | 69 | | 06900 |
| Civil Defense | 77 | | 07700 |
| Civil Disorder | 81 | | 08100 |
| COP – USPS | 71 | | 07100 |
| COP – USPS – FMLA | 71 | 03 | 07199 |
| Court Duty | 61 | | 06100 |
| Donated | 45 | | 04500 |
| Donated – FMLA | 46 | | 04600 |
| HQ Authorized Administrative | 79 | | 07900 |
| Holiday – AL Leave Exchange | 28 | | 02800 |
| LWOP – Part Day | 59 | | 05900 |
| LWOP – Part Day – FMLA | 59 | 05 | 05999 |
| LWOP – Full Day | 60 | | 06000 |
| LWOP – Full Day – FMLA | 60 | 06 | 06099 |
| LWOP – IOD/OWCP | 49 | | 04900 |
| LWOP – IOD/OWCP – FMLA | 49 | 04 | 04999 |
| LWOP – In Lieu of Sick Leave | 59 or 60 | | 05901 or 06001 |
| LWOP – Maternity | 59 or 60 | | 05905 or 06005 |
| LWOP – Military | 44 | | 04400 |
| LWOP – Personal Reasons | 59 or 60 | | 05903 or 06003 |
| LWOP – Proffered | 59 or 60 | | 059 |
| LWOP – Suspension | 59 or 60 | | 059 |
| LWOP – Suspension Pend Term | 59 or 60 | | 059 |
| LWOP – Union Official | 84 | | 084 |
| Military | 67 | | 06700 |
| Relocation | 80 | | 08000 |
| Voting Leave | 85 | | 08500 |
| Other Paid Leave | 86 | | 08600 |

Privacy Act Statement: Your information will be used to administer leave. Collection is authorized by 39 USC 401, 404, 1001, 1003, and 1005; and 29 USC 2601 et seq. Providing the information is voluntary, but if not provided, we may not process your request. Your information may be disclosed as follows: in relevant legal proceedings; to law enforcement when the USPS or requesting agency becomes aware of a violation of law; to a congressional office at your request; to entities under contract with USPS and/or authorized to perform audits; to labor organizations as required by law; to government agencies regarding personnel matters; to the EEOC, and to the MSPB or Office of Special Counsel. For more information regarding our privacy policies visit www.usps.com/privacypolicy.

PS Form 3971, October 2017 (Page 2 of 2) PSN 7530-02-000-9136

00198

Affidavit A
Page 100 of 206

EXH A-1

**UNITED STATES POSTAL SERVICE** — Request for or Notification of Absence

| Field | Entry |
|---|---|
| Employee's Name (Print last, first, MI) | MANNING, GWENESTHER F. |
| Employee ID | 02690872 |
| Date Submitted (MM/DD/YYYY) | 3/30/2018 |
| No. of Hours Requested | ~~80~~ 79.50 |
| Installation | TWENTY SECOND ST 60616 |
| N/S Day | |
| Pay Loc. No. | 016 |
| D/A Code | |
| From: Date / Hour | 3/30/18 11:30 |
| Thru: Date / Hour | 5/13 3:00p |
| Time of Call or Request | IN PERSON |
| Scheduled Reporting Time | 6:00 AM |
| If Needed, Employee Can Be Reached At: ☐ Do not call | |

**Type of Absence:** ☒ LWOP (See reverse)

**Remarks:** I AM INSTRUCTED TO LEAVE WORK AND THAT I CAN NOT RETURN UNTIL I HAVE BEEN APPROVED FOR LIGHT DUTY.

Employee's Signature and Date: Gwenesther Manning 3/30/18

**Official Action on Application:** ☒ Approved

Disapproved (Give reason below): Employee is not limited duty. Employee does not have an approved light duty case. Informed employee to submit light duty request.

Signature of Supervisor and Date: J. Bates 3/30/18

MAR 30 11:52

EXH A-2

Affidavit A
Page 101 of 206

00199

March 6, 2019

SUBJECT: Five-Day Absence Notice

Gwenesther Manning
19214 Lange Street
Lansing, IL 60438

EIN: 02690872
Job title: Clerk/SSDA
Pay Location: 016

According to our records, you have been absent from duty for more than five days.

In accordance with the Employee and Labor Relations Manual (ELM) Section 513.362, you are required to submit medical documentation or other acceptable evidence of incapacity to work or of need to care for a family member. I have not received any such documentation from you. **Therefore, you are being given five days from receipt of this letter to submit acceptable documentation for your absence. If you fail to submit acceptable documentation, your absences will be considered AWOL. An original copy of the documentation must be provided and it has to be mailed or presented in person. No e-mail copies will be accepted.**

In accordance with ELM 513.364, acceptable medical documentation should be furnished by your attending physician or other attending practitioner who is performing within the scope of his or her practice. The documentation should provide an explanation of your illness or injury, sufficient to indicate to management that you were unable to perform your normal duties for the period of absence. Medical statements such as "under my care" or "received treatment" are not acceptable evidence of incapacitation to perform duties.

In accordance with ELM Chapter 865, employees returning to duty after an absence due to illness or serious injury may require return-to-work clearance. Please see the attached copy of ELM Chapter 865 for more information.

You are reminded that all employees are expected to maintain their assigned schedules and must make every effort to avoid absences. Employees are required to be regular in attendance. Failure to document your absences and continued AWOL could result in disciplinary action up to and including removal.

Sincerely,

Ms. Tiffany Bates
Manager, Customer Services
Twenty-Second Street Station
312-225-0218

Rec 3/8/2019 GM

Attachments:
ELM Chapter 865 This notice was sent by First Class and Priority USPS Tracking 9114999944238066165662 on March 6, 2019

EXH. B-1

March 6, 2019

**SUBJECT: Investigative Interview**

Gwensther Manning  
19214 Lange Street  
Lansing, IL 60438

EIN: 02690872  
Job title: Clerk/SSDA  
Pay Location: 016

This is official notification that you are required to report to Twenty-Second Street Post Office, 2035 S. State St. Chicago Illinois 60616 on Thursday, March 14, 2019, at 10:00 am for an investigative interview relative to your present absence from work. This is your opportunity to explain your extended absence from work and why corrective action should not be taken against you.

If you wish to have a USPS representative present during this interview, you may contact me and I will make arrangements for a USPS representative to be present.

If, for any reason, you are unable to report for this interview, you are required to contact me no later than the day prior to the scheduled interview to make other arrangements. Failure to report as scheduled or contacting me to make other arrangements may result in corrective action, up to and including removal, for failure to follow instructions. Furthermore, you will forfeit your opportunity to respond to the charges against you, leaving me no other alternative than to render my decision regarding possible corrective action based on the evidence of record.

You may contact me or one of my supervisors at 312-225-0218

_Ms. Tiffany Bates_  
Ms. Tiffany Bates  
Manager, Customer Service  
Twenty-Second Street Station

Attachments:  
ELM Chapter 865 This notice was sent by First Class and Priority USPS Tracking 9114999944238066165662 on March 6, 2019

*Rec 3/8/2019 HM*

EXH B- 2

March 13, 2019

**SUBJECT: Investigative Interview**

Gwensther Manning  
19214 Lange Street  
Lansing, IL 60438

EIN: 02690872  
Job title: Clerk/SSDA  
Pay Location: 016

Per your request your Investigative Interview has been rescheduled for Friday March 22, 2019.

This is official notification that you are required to report to Twenty-Second Street Post Office, 2035 S. State St. Chicago Illinois 60616 on Friday March 22, 2019, at 12:00 noon for an investigative interview relative to your present absence from work. This is your opportunity to explain your extended absence from work and why corrective action should not be taken against you.

If you wish to have a USPS representative present during this interview, you may contact me and I will make arrangements for a USPS representative to be present.

If, for any reason, you are unable to report for this interview, you are required to contact me no later than the day prior to the scheduled interview to make other arrangements. Failure to report as scheduled or contacting me to make other arrangements may result in corrective action, up to and including removal, for failure to follow instructions. Furthermore, you will forfeit your opportunity to respond to the charges against you, leaving me no other alternative than to render my decision regarding possible corrective action based on the evidence of record.

You may contact me or one of my supervisors at 312-225-0218

_Tiffany Bates_  
Ms. Tiffany Bates  
Manager, Customer Service  
Twenty-Second Street Station

Attachments:  
ELM Chapter 865 This notice was sent by First Class and Priority USPS Tracking 9114 9999 4423 8066 1656 55 on March 13, 2019

USPS TRACKING # 9114 9999 4423 8066 1656 55  
& CUSTOMER RECEIPT  
For Tracking or inquiries go to USPS.com or call 1-800-222-1811.

EXH B-3

March 27, 2019

SUBJECT: Five-Day Absence Notice

Gwenesther Manning
19214 Lange Street
Lansing, IL 60438

EIN: 02690872
Job title: Clerk/SSDA
Pay Location: 016

According to our records, you have been absent from duty for more than five days.

In accordance with the Employee and Labor Relations Manual (ELM) Section 513.362, you are required to submit medical documentation or other acceptable evidence of incapacity to work or of need to care for a family member. I have not received any such documentation from you. **Therefore, you are being given five days from receipt of this letter to submit acceptable documentation for your absence. If you fail to submit acceptable documentation, your absences will be considered AWOL. An original copy of the documentation must be provided and it has to be mailed or presented in person. No e-mail copies will be accepted.**

In accordance with ELM 513.364, acceptable medical documentation should be furnished by your attending physician or other attending practitioner who is performing within the scope of his or her practice. The documentation should provide an explanation of your illness or injury, sufficient to indicate to management that you were unable to perform your normal duties for the period of absence. Medical statements such as "under my care" or "received treatment" are not acceptable evidence of incapacitation to perform duties.

In accordance with ELM Chapter 865, employees returning to duty after an absence due to illness or serious injury may require return-to-work clearance. Please see the attached copy of ELM Chapter 865 for more information.

You are reminded that all employees are expected to maintain their assigned schedules and must make every effort to avoid absences. Employees are required to be regular in attendance. Failure to document your absences and continued AWOL could result in disciplinary action up to and including removal.

Sincerely,

Ms. Tiffany Bates
Manager, Customer Services
Twenty-Second Street Station
312-225-0218

Attachments:
ELM Chapter 865 This notice was sent by First Class and Priority USPS Tracking
**9114 9012 3080 1288 0070 71** on March 27, 2019

USPS TRACKING # & CUSTOMER RECEIPT  9114 9012 3080 1288 0070 71
For Tracking or inquiries go to USPS.com or call 1-800-222-1811

EXH B-4

March 27, 2019

**SUBJECT: Notice of Investigative Interview**

Gwensther Manning  
19214 Lange Street  
Lansing, IL 60438

EIN: 02690872  
Job title: Clerk/SSDA  
Pay Location: 016

This is official notification that you are required to report to Twenty-Second Street Post Office, 2035 S. State St. Chicago Illinois 60616 on Friday April 5th, 2019, at 12:00 noon for an investigative interview relative to your present absence from work. This is your opportunity to explain your extended absence from work and why corrective action should not be taken against you.

If you wish to have a USPS representative present during this interview, you may contact me and I will make arrangements for a USPS representative to be present.

If, for any reason, you are unable to report for this interview, you are required to contact me no later than the day prior to the scheduled interview to make other arrangements. Failure to report as scheduled or contacting me to make other arrangements may result in corrective action, up to and including removal, for failure to follow instructions. Furthermore, you will forfeit your opportunity to respond to the charges against you, leaving me no other alternative than to render my decision regarding possible corrective action based on the evidence of record.

You may contact me or one of my supervisors at 312-225-0218

*Tiffany Bates*  
Ms. Tiffany Bates  
Manager, Customer Service  
Twenty-Second Street Station

Attachments:  
ELM Chapter 865 This notice was sent by First Class and Priority USPS Tracking  
**9114 9012 3080 1288 0070 71** on March 27, 2019

**EXH B-5**