IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GWENESTHER MANNING, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 21 CV 1440 |
| | ) | |
| v. | ) | |
| | ) | Hon. Beth W. Jantz |
| LOUIS DEJOY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

For the reasons explained in the accompanying statement, plaintiff's motion for an order to show cause [79] is denied.

**STATEMENT**

Plaintiff Gwenesther Manning, a retired US Postal Service employee, filed this *pro se* lawsuit against Postmaster General Louis DeJoy alleging disability discrimination in violation of the Rehabilitation Act. On March 23, 2022, the Court granted in part and denied in part plaintiff's first motion to compel and granted plaintiff's second motion to compel. Dkt. 59. Plaintiff now moves for an order to show cause, arguing that defendant has failed to comply with the Court's discovery order. *See* Pl's Mot. for an Order to Show Cause ("Mot."), Dkt. 79. For the reasons explained herein, plaintiff's motion is denied.

First, plaintiff asserts that defendant violated the Court's March 23, 2022 order by failing to produce documents that the Court compelled defendant to produce. According to plaintiff, defendant breached the Court's order with respect to three requests: (1) RFP No. 16, which sought monthly clerk rosters or schedules from March 2018 to April 2019 for the 22nd Street Post Office where plaintiff worked; (2) RFP No. 2, which sought the "overtime desired lists" from the 22nd Street Post Office for the same period; and (3) Interrogatory No. 9, which sought cross-craft notices defendant provided to the president of plaintiff's union local, Keith Richardson. Plaintiff's motion posits that defendant produced a handful of largely irrelevant documents in response to RFP Nos. 2 and 16, and no documents at all in response to Interrogatory No. 9. Plaintiff maintains that defendant's failure to produce responsive documents breached the Court's March 23, 2022 order.

Federal Rule of Civil Procedure 37(b)(2)(A) governs a failure to comply with the Court's discovery orders, identifying a variety of sanctions the Court may impose "[i]f a party . . . fails to obey an order to provide or permit discovery." Rule 37(b) sanctions "enable a district court to prevent the parties from unjustifiably resisting discovery," and "enable judges to control their dockets and manage the flow of litigation." *Bailey v. Worthington Cylinder Corp.*, No. 16 CV

7548, 2021 WL 4440317, at *3 (N.D. Ill. Jan. 19, 2021) (cleaned up). The Court has "significant flexibility in the application" of Rule 37(b), and courts generally "consider the prejudice to the moving party caused by the conduct, the prejudice to the judicial system, the need to punish the disobedient party and the need to deter similar conduct in the future." *Id*.

The Court concludes that no sanctions are warranted under Rule 37(b) because defendant has not "fail[ed] to obey" the Court order at issue. Defendant's response to plaintiff's motion demonstrates that defendant conducted a reasonable and diligent search for documents responsive to each of the requests at issue. In its order granting plaintiff's motion to compel with respect to RFP No. 16, the Court required defendant "to craft and run ESI search term(s) (including review of email attachments) in responding to RFP No. 16." Dkt. 59 at 3. Defendant's response notes that during the relevant period (and up until sometime in 2020), the Postal Service did not have a cloud-based or other shared network storage system for electronic documents. Def's Resp. to Mot. for an Order to Show Cause ("Resp."), Dkt. 84 at 2-3. Instead, during the relevant period, plaintiff's manager, Tiffany Bates, kept electronic documents on a flash drive that she misplaced in late 2019 or early 2020, as she also did not have a single assigned computer at that time. *Id*. Defendant thus ran several ESI search terms on Bates' (and other 22nd Street managers') email boxes (including "schedule," "monthly," "roster," "PSE schedule," "clerk schedule," "weekly schedule," "week schedule," and "monthly roster"). Resp. at 2-3. Defendant represents that its searches yielded over 16,000 hits. *Id*. Defendant reviewed those hits and produced a small number of schedules and a holiday schedule sign-up sheet. *Id*. Defendant ran broad search terms calculated to capture clerk schedules and rosters for the relevant period, and thus complied with the Court's order "to craft and run ESI search terms" with respect to RFP No. 16. Dkt. 59 at 3. Plaintiff's motion is denied with respect to this request.

Likewise with respect to RFP No. 2, the Court ordered defendant to "run ESI searches to completely respond to the request." Dkt. 59 at 4-5. Defendant indicates that it ran ESI searches for "OTDL," "overtime desired list," "OT desired list," "OT list," and "overtime list." Resp. at 4-5. Defendant then reviewed over 2,000 hits and produced a small number of responsive (and questionably responsive) documents to plaintiff. *Id*. With respect to Interrogatory No. 9, the Court ordered defendant to "search custodians who are reasonably calculated to possess responsive documents (including searching ESI)" in an effort to find cross-craft notices sent to Keith Richardson. Defendant responds that it ran an ESI search of "all emails to and from Richardson from any sender or recipient during the March 2018 to April 2019 time period," using ten search terms calculated to capture cross-craft notices. Resp. at 6. Defendant reviewed 229 documents, none of which were cross-craft notices. *Id*. Defendant also attempted to contact Richardson (who has not reported to his current position at the Postal Service in at least three years) several times, to no avail. *Id*. Defendant's efforts to locate documents responsive to RFP No. 2 and Interrogatory No. 9 were sufficient to comply with the Court's March 23 order.[1] Because

---

[1] Defendant also explains that there is no practicable way to contact every manager in the Chicago district—which contains 75-100 postal stations, each with multiple managers—to determine whether they possessed any cross-craft notifications. Resp. at 6. The Court agrees that its March 23 order did not require defendant to do so, and that individually contacting hundreds of managers

2

defendant complied with the March 23 order, sanctions are not warranted under Federal Rule of Civil Procedure 37(b)(2)(A).

Second, plaintiff briefly suggests that defendant failed to meet its document preservation obligations. Although this argument is not developed, and thus not properly before the Court, for the sake of completeness the Court concludes that there is no indication that defendant breached a duty to preserve the documents at issue. "A party's duty to preserve specific types of documents does not arise unless the party controlling the documents has notice of those documents' relevance." *Hamilton v. Oswego Cmty. Unit Sch. Dist. 308*, No. 20-CV-0292, 2022 WL 580783, at *2 (N.D. Ill. Feb. 25, 2022). "The events that alert a party to the prospect of litigation may only provide a limited set of information about prospective litigation such that the scope of information that should be preserved may remain uncertain." *Id*. (cleaned up). Accordingly, "the duty to preserve potentially discoverable information does not require a party to keep every scrap of paper." *Id*. Instead, a party must preserve "relevant evidence over which it had control and reasonably knew or could foresee was material to the litigation." *Id*. (quoting *Does 1-5 v. City of Chicago*, No. 18-CV-03054, 2019 WL 2994532, at *5 (N.D. Ill. July 9, 2019)). And that assessment must occur "without the benefit of hindsight." *Does 1-5*, 2019 WL 2994532, at *5.

Here, plaintiff attaches to her motion a document referencing a 2018 litigation hold notice (Mot. Ex. 20), but does not identify the substance of that litigation hold notice, or otherwise explain why it would have put the Postal Service on notice of a need to maintain the specific documents at issue (clerk schedules, cross-craft notices, and overtime desired lists). The requested documents do not relate specifically to Manning, and are from a period when Manning was off the clock at the Postal Service. Nor does taking an adverse action against an employee trigger a duty to preserve documents related to that employee, let alone a broad swath of ministerial documents related to *other* employees. *CaramelCrisp LLC v. Putnam*, No. 19 C 2699, 2022 WL 1228191, at *6 (N.D. Ill. Apr. 26, 2022) ("Putnam cites no authority, and the Court is aware of none, that suggests that an employer's duty to preserve ESI on an employee's computer arises whenever it terminates an employee."). Bates' affidavit indicates that the flash drive that included work schedules and possibly a cross-craft notification was lost in late 2019 or early 2020, well before plaintiff filed this suit. Resp. Ex. 1. Bates further indicated that hard copies of work schedules and the cross-craft notification she sent were never maintained. *Id*. Accordingly, on the present record, there is no basis for the Court to conclude that defendant failed to preserve evidence that it "reasonably knew or could foresee was material to the litigation." *Hamilton*, 2022 WL 580783, at *2.

---

in search of cross-craft notifications from different Post Offices would be severely disproportionate to the needs of this case.

For the foregoing reasons, plaintiff's motion for an order to show cause is denied.

Date: 5/19/2022

BETH W. JANTZ
United States Magistrate Judge